This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-41482

**CHAVEZ LAW OFFICES, P.A.,**

 Plaintiff-Appellant,

v.

**ENRIQUE "KIKI" VIGIL, former Sheriff of Doña Ana County; BOARD OF COUNTY COMMISSIONERS OF DOÑA ANA COUNTY; JULIA BROWN, former County Manager of Doña Ana County, in her individual capacity; and FERNANDO MACIAS, former County Manager of Doña Ana County, in his individual capacity,**

 Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Casey B. Fitch, District Court Judge**

Chavez Law Offices, LLC
Gene N. Chavez
Albuquerque, NM

for Appellant

Mynatt Martinez Springer, P.C.
Blaine T. Mynatt
Las Cruces, NM

for Appellees

## MEMORANDUM OPINION

**HANISEE, Judge.**

**{1}** Plaintiff appeals the district court's order granting summary judgment in favor of Defendant Board of County Commissioners of Doña Ana County (the County) as well as the order denying his motion for reconsideration. We issued a calendar notice proposing to affirm. Plaintiff has filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}** Our calendar notice proposed to affirm the district court's grant of summary judgment on the grounds that Plaintiff had failed to demonstrate that a genuine issue of material fact existed. [CN 4] Specifically, we stated that Plaintiff had failed to present evidence that a contract existed between himself and the County because he did not dispute any of the facts set forth by the County regarding the process by which a contract is executed and approved and that contracts not executed through that process are invalid. [CN 4] In addition, we stated that despite Plaintiff's affidavits from the sheriff and the sheriff's assistant, they did not appear to establish that a contract was ever actually agreed on or approved by the County. [CN 5]

**{3}** In his memorandum in opposition, Plaintiff continues to argue that he presented "both testimony at the hearing and in the form of affidavit to establish that an agreement was entered, the agreement was authorized, legal services were performed and payment was promised, but ultimately never paid." [MIO 3] Plaintiff, however, has still not provided us with any facts to show that there is a genuine issue of material fact. Rather, he makes conclusory statements that summary judgment is not proper "if there is any question of fact" and that he presented evidence in the form of testimony and affidavits. [MIO 3 (emphasis omitted)] Plaintiff has not provided any more facts, argument, or authority to demonstrate that the contract he alleges existed was created through the County's procurement process such that a genuine issue of material fact exists. *See Roth v. Thompson*, 1992-NMSC-011, ¶ 17, 113 N.M. 331, 825 P.2d 1241 ("The movant need only make a prima facie showing that he is entitled to summary judgment. Upon the movant making a prima facie showing, the burden shifts to the party opposing the motion to demonstrate the existence of specific evidentiary facts which would require trial on the merits." (citations omitted)). Accordingly, we conclude that Plaintiff has not met his burden to demonstrate that the district court erred in granting summary judgment in Defendants' favor. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

**{4}** Plaintiff also continues to assert that he presented evidence through live testimony and affidavits that the contract was breached and that he brought his claims within the statute of limitations period. [MIO 5] Specifically, he argues that two representatives of the County—the sheriff and the sheriff's assistant—testified that "they assured . . . Plaintiff of payment, as of their last day in office in December[] 2018." [MIO 6] Plaintiff asserts that December 31, 2018, was the controlling date as that was the date the contract was breached. [MIO 6] However, Plaintiff has not demonstrated that either the sheriff or the sheriff's assistant were authorized to enter into a contract with Plaintiff on behalf of the County so as to establish that a valid contract existed, and that

was later breached. Accordingly, we remain unpersuaded that there was a valid contract, and conclude that Plaintiff has not met his burden in overcoming summary judgment. *See id.*

**{5}** To the extent that Plaintiff continues to argue against the application of collateral estoppel, we remain unpersuaded. Plaintiff asserts that in the prior lawsuit against Defendant Vigil there was one outstanding issue regarding whether Defendant Vigil was acting within the course and scope of his employment as sheriff, which should preclude summary judgment. [MIO 7] He argues that the district court "should have adjudicated the issue of course and scope of the actions of [the sheriff]." [MIO 7] However, Plaintiff has failed to demonstrate that he did not have a full and fair opportunity to litigate this issue in the prior suit against Defendant Vigil. *See Shovelin v. Cent. N.M. Elec. Co-op., Inc.*, 1993-NMSC-015, ¶ 10, 115 N.M. 293, 850 P.2d 996 (explaining that "[i]f the movant introduces sufficient evidence to meet all elements of this test, the [district] court must then determine whether the party against whom estoppel is asserted had a full and fair opportunity to litigate the issue in the prior litigation"). As such, we remain unpersuaded that the district court erred in granting summary judgment in favor of the County.

**{6}** Finally, Plaintiff continues to assert that the New Mexico Tort Claims Act (NMTCA), NMSA 1978, §§ 41-4-1 to -30 (1976, as amended through 2020), applies and "requires a county to provide a defense, including attorney[] fees, for public employees when liability is sought for torts or any violation of property rights or rights secured by federal or New Mexico law allegedly committed by the employee acting within the scope of his duties." [MIO 7 (emphasis omitted)] Section 41-4-4(B). Plaintiff maintains that he "sought damages in addition to contract and not limited to only contract." [MIO 7] However, Plaintiff has not explained what these additional damages are and has not provided any new facts, argument or authority regarding what alleged tort occurred in this case that would bring it under the NMTCA such that Section 41-4-4(B) would apply. As such, we remain unpersuaded that the district court erred in denying Plaintiff's motion to amend his complaint.

**{7}** For reasons stated in our notice of proposed disposition and herein, we affirm the district court's grant of summary judgment in favor of the County.

**{8}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**JANE B. YOHALEM, Judge**